UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN GRAY, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>WARREN VERBANEC, et al.,<br><br>    Defendants. | Case No. 25-cv-06967-NC<br><br>**ORDER TO SHOW CAUSE AS TO NOTICE OF REMOVAL**<br><br>Re: ECF 1 |

    On August 18, 2025, Stephen Gray and Mikyong "Gina" Gray filed a Notice of Removal seeking to remove two cases from Santa Cruz County Superior Court to this Court under 28 U.S.C § 1441. ECF 1. Because the Notice of Removal raises two jurisdictional issues, the Court issues this Order to Show Cause.

    First, only a defendant to a state court case may remove the case to federal court. 28 U.S.C. § 1441(a) (describing civil actions that may be removed "by the defendant or the defendants"); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 105–08 (1941) (confirming "the plaintiff, having submitted himself to the jurisdiction of the state court, was not entitled to avail himself of a right of removal conferred only on a defendant"); *Progressive W. Ins. Co. v. Preciado*, 479 F.3d 1014, 1018 (9th Cir. 2007) (discussing "longstanding rule that a plaintiff/ cross-defendant cannot remove an action to federal court"). The Grays identify themselves as the plaintiffs in their state court cases and

therefore lack legal grounds to remove their own cases to this Court after choosing to file those cases in state court. The Grays' "mention of several other statutes" in their Notice of Removal—28 U.S.C. §§ 1331 and 1367—"does not change the [] conclusion. The federal question and supplemental jurisdiction statutes do not, in themselves, provide for removal." *Ozim v. Cal. Endowment*, No. 20-cv-06517-JD, 2020 WL 6112409, at *2 (N.D. Cal. Oct. 16, 2020). Other federal courts, when faced with removals from plaintiffs, have not only found such removals improper, but have also found that they lacked jurisdiction over the removed cases and remanded the cases back to state court. *See id.* ("This action was removed improvidently and without jurisdiction, and is remanded."); *Beck v. State Bar of Cal.*, No. 23-cv-00022-FWS-ADS, 2023 WL 9375180, at *1 (C.D. Cal. Jan. 12, 2023) ("[B]ecause Plaintiff may not remove the underlying action . . . the court concludes that removal is improper and REMANDS the action."); *Progressive*, 479 F.3d at 1018 (concluding "the district court was correct to remand the action" because the plaintiff lacked statutory authority to remove the case); *Shamrock*, 313 U.S. at 108–09 (instructing that removal jurisdiction must be strictly construed).

Second, the Court cannot confirm whether it has federal question jurisdiction, and therefore subject matter jurisdiction, over the underlying state court cases. Only a "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed." 28 U.S.C. § 1441 (a). Under 28 U.S.C. § 1446(a), the removing defendant must file a notice of removal "together with a copy of all process, pleadings, and orders served upon such defendant or defendants" in the state court case. The Grays have not filed the complaints or other records from the underlying state court cases. Without these records, the Court cannot determine whether the underlying cases arise "under the Constitution, laws, or treaties of the United States," such that the Court has federal question jurisdiction as alleged by the Grays. *See* ECF 1; 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Because "[f]ederal courts are courts of limited jurisdiction," they must "presume[]" that a case falls outside of this limited

jurisdiction, "and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Because the Notice of Removal fails to establish that the Court has removal jurisdiction and subject matter jurisdiction, the Court orders the Grays to show cause as to why this case should not be remanded to state court. The Grays must file a statement in response and the records from the state court cases by September 2, 2025. Failure to do so will result in the remand of this case to state court.

**IT IS SO ORDERED.**

Dated: August 25, 2025      _____
NATHANAEL M. COUSINS
United States Magistrate Judge